UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                      1:19-CR-00170 – RJA-MJR

      v.                     **DECISION AND ORDER**

GREGORY HAY,
ALPHONSO PAYNE, et al.,

                Defendants.

This case has been referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions.

Before the Court are omnibus pretrial motions regarding discovery and other non-dispositive requests of defendants Gregory Hay and Alphonso Payne ["defendants" or "defendants Hay and Payne"].[1] At the request of defense counsel, the Court bifurcated the pretrial motions of these defendants. The Court will address the non-dispositive motions herein and a scheduling order will be issued setting deadlines for filing of dispositive motions at the next court appearance.

The non-dispositive motions of defendants Gregory Hay (Dkt. No. 34; 111) and Alphonso Payne (Dkt. No. 35; 112) are granted and denied as discussed below.

## BACKGROUND

On August 21, 2019, defendants Hay and Payne were charged in a five-count Indictment with conspiracy to distribute controlled substances, possession with intent, and

---

[1] These filings also included motions to sever which will be addressed by Judge Arcara pursuant to his Text Orders of November 10, 2020 and November 17, 2020. (Dkt. Nos. 113; 119).

distribution of, controlled substances, and weapons possession. (Dkt. No. 2). A Superseding Indictment was filed on April 13, 2020. (Dkt. No. 37). That instrument was replaced on August 26, 2020 by a Second Superseding Indictment. (Dkt. No. 70). The Second Superseding Indictment charges defendants Hay, Payne, and five co-defendants with 26 criminal charges, including allegations of drug trafficking, weapons possession, murder of a federal informant, conspiracy, and obstruction of justice, *inter alia*.

Defendant Hay is charged in the Second Superseding Indictment with the following: (1) conspiracy to possess with intent to distribute, and to distribute, cocaine, cocaine base, marijuana, and heroin beginning in early 2016 and continuing to on or about August 28, 2019, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); (2) possession with intent to distribute, and distribution of, cocaine on or about April 23, 2019, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c) and Title 18, United States Code, Sections 2; (3) possession with intent to distribute, and distribution of, cocaine on or about April 29, 2019, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c) and Title 18, United States Codes, Section 2; (4) possession of firearms and ammunition by a felon on or about May 7, 2019, in violation Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2; (5) possession of a short-barreled rifle on an unknown exact date between November 2018 and May 7, 2019, in violation of Title 26, United States Code, Sections 5841, 5845(a)(3), 5861(d), and 5871, and Title 18, United States Code, Section 2; (6) possession of firearms in furtherance of drug trafficking on an unknown exact date between November 2018 and May 7, 2019, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(i); (7) conspiracy to murder a federal informant,

namely Joshua Jalovick, beginning in early 2019 and continuing to on or about August 20, 2019, in violation Title 18, United States Code, Section 1512(k); (8) murder of a federal informant, namely Joshua Jalovick, on or about July 1, 2019, in violation of Title 18, United States Code, Sections 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(3)(A), and 2; (9) conspiracy to retaliate against a federal informant, namely Joshua Jalovick, beginning in or about early 2019 and continuing to on or about August 20, 2019, in violation of Title 18, United States Code, Section 1513(f); (10) retaliating against a federal informant, namely Joshua Jalovick, on or about July 1, 2019, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2; (11) discharge of a firearm in furtherance of crimes of violence and a drug trafficking crime on or about July 1, 2019, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2; and (12) discharge of a firearm causing death in furtherance of crimes of violence and a drug trafficking crime on or about July 1, 2019, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1) and 2. (Dkt. No. 70).

Defendant Payne is charged in the Second Superseding Indictment with the following: (1) conspiracy to possess with intent to distribute, and to distribute, cocaine, cocaine base, marijuana, and heroin beginning in early 2016 and continuing to on or about August 28, 2019, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); (2) possession with intent to distribute, and distribution of, cocaine on or about April 23, 2019, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c) and Title 18, United States Code, Sections 2; (3) possession with intent to distribute, and distribution of, cocaine on or about April 29, 2019, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c) and Title 18, United

States Code, Section 2; (4) possession of firearms in furtherance of drug trafficking on an unknown exact date between June 2019 and July 2019, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); (5) conspiracy to murder a federal informant, namely Joshua Jalovick, beginning in early 2019 and continuing to on or about August 20, 2019, in violation Title 18, United States Code, Section 1512(k); (6) murder of a federal informant, namely Joshua Jalovick, on or about July 1, 2019, in violation of Title 18, United States Code, Sections 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(3)(A), and 2; (7) conspiracy to retaliate against a federal informant, namely Joshua Jalovick, beginning in or about early 2019 and continuing to on or about August 20, 2019, in violation of Title 18, United States Code, Section 1513(f); (8) retaliating against a federal informant, namely Joshua Jalovick, on or about July 1, 2019, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2; (9) discharge of a firearm in furtherance of crimes of violence and a drug trafficking crime on or about July 1, 2019, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2; and (10) discharge of a firearm causing death in furtherance of crimes of violence and a drug trafficking crime on or about July 1, 2019, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1) and 2. (Dkt. No. 70).

Defendants Gregory Hay (Dkt. No. 111) and Alphonso Payne (Dkt. No. 112) have non-dispositive pretrial motions pending before the Court.[2] Defendants Hay and Payne have made requests to join the motions of their co-defendants. To the extent they are

---

[2] On April 13, 2020, omnibus pretrial motions were filed on behalf of defendants Hay and Payne by their previous counsel. (Dkt. Nos. 34; 35). Subsequent to those filings, on May 13, 2020, a Superseding Indictment was returned, bringing considerable additional charges against defendants, including conspiracy to murder, and murder of, a federal informant and various weapons charges. (Dkt. No. 37). In light of this, the Court views the initial pretrial motions (Dkt. Nos. 34; 35) as superseded by the motions addressed herein which were made following the return of the Second Superseding Indictment.

relevant and applicable, the Court will address the omnibus discovery and disclosure motions of defendants Hay and Payne together.[3] The dispositive and non-dispositive motions of all other co-defendants will be addressed by separate report and recommendation or decision.

The Government filed responses to defendants' motions. (Dkt. Nos. 124; 125). Additionally, the Government has made cross-demands for reciprocal discovery. (*Id.*).

The Court heard oral argument on December 1, 2020 and considered the matters submitted. The Court's decisions as to defendants' non-dispositive pretrial motions are set forth in detail below.

## DISCUSSION

### *Immediate Disclosure of Brady/Giglio Material*

Defendants move for immediate disclosure of any favorable, exculpatory, or impeachment materials pursuant to *Brady, Giglio* and their progeny.[4] (Dkt. Nos. 111, pgs. 15-32; 112, pgs. 11-25). Defendants urge the Court to order immediate disclosure of *Brady* material for two reasons; first, because this is potentially a capital prosecution, to aid in defense counsel's preparation for a meeting with the Department of Justice Capital Review Committee, and second, to enable effective representation of the defendants in preparing for trial. (*Id.*). Defendants specifically request production of witness statements, testimony, information, and other materials that are inconsistent with the Government's theory or narrative of this case. (*Id.*). Throughout their motions, defense counsel stresses

---

[3] The declarations made in support of defendants Hay and Payne's non-dispositive pretrial motions are largely identical.
[4] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

that defendants facing possible capital prosecution are entitled to broader and more robust discovery.

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

Defense counsel argues that early disclosure of exculpatory and impeachment material, as well as witness statements governed by the *Jencks Act* and disclosure of the identity of informants, is necessary for their presentation before the Capital Review

Committee scheduled in March 2021.[5] In cases such as this, where the defendant is charged with an offense potentially subject to the death penalty, a Capital Review Committee comprised of various Justice Department attorneys and prosecutors is tasked with making a recommendation as to whether the Government should or should not seek the death penalty against a defendant. *See generally* United States Attorneys' Manual ("USAM") § 9-10.010, *et seq.* The Capital Review Committee is directed to "review the materials submitted by the United States Attorney or Assistant Attorney General and any materials submitted by defense counsel," and "[a]fter considering all information submitted to it, the Committee shall make a recommendation to the Attorney General through the Deputy Attorney General." USAM § 9-10.130. Although the agency protocol affords defendants an opportunity to present mitigating evidence to the Committee for its consideration, the internal policies and procedures of the Justice Department manual "[do] not create substantive or procedural rights" for defendants. *See United States v. Feliciano*, 998 F. Supp. 166, 169 (D. Conn. 1998) (collecting cases). By its own terms, the USAM "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM § 1-1.200. The Capital Review process is not a mini-trial and the Court is aware of no law or regulation that obligates the Government to provide additional discovery in advance of a Committee meeting.

The Government submits that it is mindful of its obligations under *Brady* and its progeny and acknowledges its continuing duty to produce such material, if and when it

---

[5] The analysis herein is applicable to defendants' various requests for discovery and disclosure of *Brady* and *Jencks* material, witness statements, and informant identities in advance of the Capital Review Committee presentation.

becomes aware of it. (Dkt. No. 124, pgs. 5-7; 125, pgs. 4-6). The Government agrees to provide impeachment *Brady* material, namely, promises of leniency or immunity agreements with witnesses, criminal records of witnesses, immoral or criminal acts committed by witnesses, and prior inconsistent statements, prior to the commencement of trial and when the Government produces *Jencks Act* material.

Given the Government's representations, defendants' motion to compel the production of *Brady/Giglio* material is denied. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-224, 2016 U.S. Dist. LEXIS 133400, at *10 (W.D.N.Y. Sept. 28, 2016).

### Early Disclosure of Witness Statements and Jencks Act Material

Defendants move for early disclosure of witness names and statements prior to trial. (Dkt. Nos.111, pgs. 32-34; 112, pgs. 25-26). Defendants specifically seek disclosure of the contents of statements made by witnesses who are accused of false testimony and whose statements may be exculpatory to defendants Hay or Payne.

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a

substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendants adequate time to prepare and, in accordance with the District Court's pretrial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of the Government's representations, defendants' requests for early disclosure of witness statements are denied as moot.

### Rule 16 Discovery and Rule 12 Notice

Defendants move for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 111, pgs. 35-38; 112, pgs. 27-30).

Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum,

or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendants specifically request discovery of (1) reports from forensic examinations of firearms; (2) forensic and chemical lab reports; (3) oral, written, or recorded statements of testimony of defendants; (4) physical and mental examinations; (5) expert witness testimony summary; (6) prior bad acts and convictions;[6] (7) the Government's position on sentencing under the Sentencing Guidelines, along with all information which tends to attenuate or mitigate either defendant's involvement in the offense and would be relevant to sentencing; (8) physical evidence, including tape or video recordings; (9) audio or visual recordings, surveillance logs, or other investigatory documents or information obtained in this investigation; and (10) inspection of all books, papers, documents, photographs, and other tangible objects.

In its written responses to defendants' discovery requests, the Government states that it has fully complied with its obligations under Rule 16. The Government affirms that it has provided all discovery required under Rule 16 or has made such discovery available for inspection by defense counsel. (Dkt. Nos. 124, pgs. 9-13; 125, pgs. 8-12). As further detailed in exhibits to its responding memoranda, the Government lists voluminous discovery already provided, including cell phone and cell site records, results of search warrants issued for defendants' Facebook and Gmail accounts, police radio logs and

---

[6] Defendants request for Rule 404(b) material is addressed separately below.

transmissions, lab reports, DNA reports, firearms reports, crime scene reports and photographs, and the autopsy report and photographs.[7]

In addition, the Government states that it has disclosed and provided video recorded statements made by defendant Payne on August 20, 2019 and by defendant Hay on May 7, 2019, July 16, 2019, and July 17, 2019. The Government submits that defense counsel is in possession of recorded statements made by the defendants, consensual jail recordings involving defendants, Facebook videos created by the defendant, as well as surveillance video recordings and 911 recordings. To the extent, the defense is requesting recordings of statements by potential witnesses, the government objects to the request as outside the scope of Rule 16. The Government represents that it will timely provide all relevant expert disclosures, including summaries of the experts' credentials and methods, and has already provided notice as to some of the Government's experts witnesses, reports authored by them, and a draft version of maps plotting cell site records for defendants' cell phones. The Government objects to the defendants' request for a Sentencing Guidelines calculation as outside the scope of Rule 16.

Based upon the representations made by the Government in their written responses and during oral argument, defendants' request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

---

[7] At oral argument, defense counsel stated that they had not received a complete record of autopsy and ballistics reports. As stated by the Court previously, the Government is directed to provide complete copies of those records to defendants, if it has not done so already.

Defendants also move for notice of intention to use evidence against defendants at trial pursuant to Rule 12 of the Federal Rules of Criminal Procedure. (Dkt. Nos. 111, pg. 38; 112, pgs. 29-30). The Government has provided notice that it intends to use all items of evidence the defendants have been provided with or made aware of in accordance with Rule 12(b)(4)(a). Therefore, this branch of defendants' discovery motion is also denied as moot.

### Disclosure of Informant Identities

Defendants move for disclosure of (1) identities of all informants which may be material to defendant's alleged guilt or innocence; (2) identity of all informants who were present at any of the events described in the indictment; and (3) all government reports containing information received from any informant referenced above which may be material to the case. (Dkt. Nos. 111, pgs. 38-46; 112, pgs. 30-36). In the alternative, defendants seek to have the above reports submitted to the Court for *in camera* review and subsequent disclosure to counsel. (*Id.*). In the absence of an order compelling production, defendants seek an order directing that all reports be sealed and entered into the record. (*Id.*). The Government objects to these requests on the grounds that defendants have not shown a particularized need for this information. The Government also argues that defendants face a heightened burden given that defendants are charged with murder of a federal informant.

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if

disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendants have not provided adequate reasons as to why informant identities are material or necessary to their defense. They argue that the informant file and cell phone extraction data for the victim, Joshua Javolick, is needed in order to identify other individuals who had potential motive, means, or opportunity to commit the murder. They also seek disclosure of identity of other informants, explaining that disclosure is warranted based on the complex factual allegations in this case and that much of the Government's evidence appears to be based on eyewitness statements. Defendants also argue that they need access to the reports requested in order to lay proper factual foundation for the disclosure of the informant(s). The Court finds these justifications insufficient to meet the burden. Because this case involves the murder of a federal informant, there is significant concern for the safety of informants and witnesses. The Court does not find disclosure of informant identities essential to defendants' defense or a fair determination of the case.

If and when an informant is to be called as witnesses at trial, defendants will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendants' motion for disclosure of informant identities and related requests are denied.

### Preservation of Rough Notes

Defendants move for an order requiring all governments agents and officers to retain and preserve all rough notes taken in the course of this investigation. (Dkt. Nos. 111, pg. 34; 112, pgs. 26-27). The Government maintains that it will endeavor to maintain these materials, should they exist, but also objects that this motion includes material that may exceed the Government's obligation under 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2. The Court grants defendants' motion and the Government is directed to preserve all rough notes and items of evidence. *See United States v. Jones*, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014), (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

### Bill of Particulars

Defendants move for a bill of particulars as to Count I of the Indictment. (Dkt. Nos. 111, pgs. 46-51; 112, pgs. 36-40). They seek particularization as to, *inter alia*, the alleged members of the conspiracy, the date, place, details of formation of the conspiracy, details of overt acts allegedly committed in furtherance of the conspiracy, each defendant's role in the alleged conspiracy, details of controlled substances distributed pursuant to the

conspiracy, and identities of all unindicted co-conspirators. (*Id.*). Defendants argue that Count I lacks specificity because it does not state a definitive starting point for the alleged drug conspiracy and is silent as to the date, time, place, method, and manner of the conspiracy, the quantity of drugs trafficked, and defendant's acts in furtherance of the conspiracy. (*Id.*). The Government objects that defendants have not offered any specific facts or reasons to justify a finding that further particularization is necessary. (Dkt. Nos. 124, pgs. 15-20; 125, pgs. 15-20).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are

sufficiently clear. Contrary to defendants' belief, the Government is not required to particularize overt acts, unnamed co-conspirators, and other details regarding the alleged conspiracy. *See United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the [ ] enterprise and conspiracy.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)).

The charges contained in Count I are neither complex nor difficult to understand. It is alleged that beginning in or before early 2016 and continuing until on or about August 28, 2019, defendants Hay, Payne, and Eric Brooks engaged in a conspiracy to distribute controlled substances, namely cocaine, cocaine base, marijuana, and heroin. Defendants seek an exact date that the conspiracy is alleged to have started, however "[t]he Government is not required to prove, never mind provide ahead of trial, exactly when a conspiracy was formed or exactly when a particular defendant joined the alleged scheme." *United States v. Shkreli*, 2016 U.S. Dist. LEXIS 176245, at *21-22 (E.D.N.Y. Dec. 14, 2016). Although the Indictment also does not allege the quantity of drugs charged, there is no requirement that an amount be alleged, unless the Government is seeking an enhanced sentence. *See generally Apprendi v. New Jersey*, 530 U.S. 466 (2000). Further, the Government submits that it has already provided substantial discovery information to the defendants in addition to the charges of the Indictment; including defendants' post-arrest statements, evidence relating to the controlled buys of drugs from defendants, lab reports, Facebook and Google records, cell phone records,

cell site records and maps, license plate reader information, surveillance videos, and relevant police reports.

Defendants are not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendants to identify the charges against them, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendants' request for a bill of particulars is denied.

### Voir Dire of Government Experts

Defendants move for permission to *voir dire* any proposed government experts outside the presence of the jury. (Dkt. Nos. 111, pgs. 40-41; 112, pg. 51). The Government states that the District Judge is better suited to address this request. The Court agrees that the District Judge who will preside over the trial of this case is best equipped to address this motion. Thus, the motion is denied without prejudice to renewal before the District Court.

### Audibility Hearing

Defendants move for the right to ask the Court to hold an audibility hearing for any recordings the Government seeks to introduce at trial. (Dkt. Nos. 111, pg. 53; 112, pgs. 41-42). The Government agrees that an audibility hearing is appropriate if the parties cannot resolve any question of tape audibility. (Dkt. Nos. 124, pgs. 21; 125, pg. 20). Defendants' motions are premature and is reserved for pretrial determination by the District Court. *See United States v. Columbo*, 2006 U.S. Dist. LEXIS 49255, at *55-56 (S.D.N.Y. 2006) ("Once the Government has designated the tapes it intends to use at trial, defendants should identify any specific audibility issues and bring them to the Court's

attention promptly."). Thus, this motion is denied without prejudice to renewal before the District Court.

### Rules 404(b), 608 and 609 Evidence

Defendants move for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 112, pgs. 42-43). Defendants also move for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). (Dkt. Nos. 124, pgs. 11-12, 21-22; 125, 10-11). The Government states that it has already provided notice of prior convictions and Facebook evidence of defendants' possession of firearms, and will provide reasonable notice in advance of trial of the general nature of any other prior uncharged crimes that it intends to use at trial under Rule 404(b). (*Id.*). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 and will address same in its pre-trial memorandum to the District Court. (*Id.*). The Government states that, pursuant to Rule 609, it intends to impeach defendants with their own criminal, parole, or probation history should a defendant elect to testify at trial. The Government indicates it will provide this information consistent with the disclosure of *Jencks Act* material. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not

contain the same pretrial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pretrial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, 609, and 807 is left to the determination of the District Court at the time of trial.

### Disclosure of Title III Wiretap, Pen Register, and Related Material

Defendants move for disclosure of materials relating to Title III or other court ordered eavesdropping, specifically including requests for cell site location, GPS location, or MAC address / Wi-Fi location information. (Dkt. No. 112, pgs. 42-43). The Government responds that there were no Title III interceptions and submits that it has already provided defense counsel with the cell site and Google records. (Dkt. No. 124, pg. 21). Based on the Governments submissions, this motion is denied as moot.

### Bruton Request

Defendants make a request under *Bruton v. United States*, 391 U.S. 123 (1968) for an order requiring the Government to redact any portions of any oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 112, pgs. 47-48). As a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 2012 U.S. Dist. LEXIS 51862 (W.D.N.Y. April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements...[i]s better considered by the District Judge prior to trial and deferred for that consideration"). For

this reason, the Defendants' requests are denied without prejudice to renew this motion before the District Court.

### Motion for Effective Assistance of Counsel

Defendants move for immediate access to a broad range of materials in order to receive effective assistance of counsel during critical pre-trial stages of the proceeding, including during plea negotiations and during the Capital Review process. (Dkt. Nos. 111, pgs. 55-56; 112, pgs. 44-47). Defense counsel argues that early disclosure of *Brady* material, *Jencks* material, Rules 404(b), 608, 609, and 807 evidence is necessary to effectively advise defendants during the pretrial stage. (*Id.*). Defendants base this argument on the Supreme Court decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) holding that because the plea bargain process is a critical point in a criminal case defendants have a Sixth Amendment right to effective assistance of counsel during that stage. Defense counsel extends that reasoning to assert that their ability to effectively represent defendants at this stage is dependent on the availability of information and evidence, both inculpatory and exculpatory. The Government objects to this motion, stating that the request is contrary to law and practice in this District. (Dkt. Nos. 124, pgs. 22-23; 125, pg. 21).

The Court denies defendants' motion without prejudice to renewal. If and when a potential pretrial resolution is reached, the Court may reconsider this argument based on defendants' articulation of what information is requested and why it is necessary to the negotiation process.

*Joinder of Motions*

Defendants have moved to join in each other's pre-trial motions. (Dkt. Nos. 111, pgs. 111, pg. 51; 112, pg. 40). The Government has opposed these requests. (Dkt. Nos. 124, pg. 21; 125, pg. 20). The request for joinder of pretrial motions is granted to the extent the motions are relevant and applicable to each defendant.

*Leave to File Additional Motions*

Defendants also move to preserve their right to make further and additional non-dispositive motions. (Dkt. Nos. 111, pg. 53-55; 112, pgs. 48-49). As noted above, the Court has set a bifurcated scheduled for the filing of dispositive and non-dispositive motions. To the extent defendants intend to bring non-dispositive motions based upon new rulings, information or evidence, their requests for leave to file additional motions are granted.  To the extent defendants intend to bring non-dispositive motions concerning issues that could have been raised prior to the previous motion deadline, defendants' requests are denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

*Government's Request for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. Nos. 124, pgs. 23-24; 125, pgs. 21-22). The Government's

motion for reciprocal discovery is granted, and defendants are reminded that their disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendants' pre-trial motions (Dkt. Nos. 34; 35; 111; 112) are decided in the manner set forth above, and the Government's requests for reciprocal discovery (Dkt. Nos. 124; 125) are granted.

**SO ORDERED**.

Dated:        December 29, 2020
              Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge